Naeun Rim - State Bar No. 263558
    nrim@birdmarella.com
Grace W. Kang - State Bar No. 271260
    gkang@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Robinhood
Financial LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TAYLOR THOMPSON, on behalf of himself and all other California residents similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ROBINHOOD FINANCIAL LLC,<br><br>　　　　　Defendant. | Case No. 21-2230<br><br>[Los Angeles Superior Court Case No. 21STCV04909]<br><br>**NOTICE OF REMOVAL**<br><br>Action Filed: February 8, 2021 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Robinhood Financial LLC ("Robinhood") hereby removes the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division. This removal is pursuant to 15 U.S.C. §§ 77p(c), 78bb(f)(2) and 28 U.S.C. § 1446.

In support of this Notice of Removal, Robinhood states the following:

**I.     STATEMENT OF JURISDICTION**

1.  On February 8, 2021, Plaintiff filed a civil putative class action Complaint entitled *Taylor Thompson, et al. v. Robinhood Financial LLC*, Case No. 21STCV04909, in the Superior Court of the State of California, County of Los Angeles (the "State Court Action"). Robinhood was served with the summons and Complaint on February 9, 2021. Attached hereto as **Exhibit A** are true and correct copies of all process, pleadings, and orders served upon Robinhood in the State Court Action.

2.  The action is removable to this Court under the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. §§ 77p(c) and 78bb(f)(2), because it is a covered class action based on state law and involves a covered security. *See Northstar Fin'l Advisors, Inc. v. Schwab Investments*, 904 F.3d 821, 828-30 (9th Cir. 2013) (holding that SLUSA "must be construed broadly" and that "plaintiffs cannot avoid preclusion through artful pleading" (internal citation omitted)); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1223 (9th Cir. 2009) (explaining that "Congress's purpose in enacting SLUSA was to channel securities fraud litigation away from state-law class actions and into the federal courts").

3.  Plaintiff alleges that Robinhood made untrue statements or omissions of material fact in connection with the purchase or sale of covered securities, and that Robinhood used or employed manipulative devices in connection with the

purchase or sale of covered securities.  *See* 15 U.S.C. §§ 77p(b) and 78bb(f)(1).  Plaintiff alleges that Robinhood made "affirmative misrepresentations and material omissions regarding the services it would provide."  (Compl. ¶ 76.)  Plaintiff alleges that the "information Defendant misrepresented and concealed would be and is material to reasonable consumers" and that "at no time did [Defendant] disclose that it would restrict trading for all of its customers without regard for the nature of the trading activity."  (*Id.* ¶ 77.)  Plaintiff alleges that Robinhood's "conduct, misrepresentations, and omissions have also impaired the competition within the market it was attempting to service."  (*Id.* ¶ 78.)

     4.     Plaintiff alleges that he placed purchase orders with Robinhood for stock in AMC Entertainment Holdings, Inc. ("AMC").  (Compl. ¶¶ 25-28.)  Plaintiff purports to bring claims on behalf of Robinhood customers "who placed a purchase order with Robinhood for a BLOCKED STOCK but that order was not fulfilled."  (*Id.* ¶ 32.)  Plaintiff defines the term "BLOCKED STOCK" in Paragraph 2 of his Complaint to mean eight specific stocks, one of which is AMC.  (*See id.* ¶ 2.)

     5.     This action is a "covered class action" under SLUSA because the Complaint seeks to recover damages on behalf of more than 50 persons or prospective class members, and the Complaint alleges that questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members.  *See* 15 U.S.C. §§ 77p(f)(2)(A) and 78bb(f)(5)(B); (Compl. ¶ 32).

     6.     This action involves a "covered security" as defined under SLUSA because AMC and the other seven securities at issue in the Complaint (which Plaintiff defines in Paragraph 2 as "BLOCKED STOCK") were listed or authorized for listing on the New York Stock Exchange at the time during which Plaintiff alleges that the misrepresentations or omissions occurred.  *See* 15 U.S.C. §§ 77r(b)(1)(A) and 78bb(f)(5)(E); (Compl. ¶ 2).

## II. TIMELINESS OF REMOVAL

7. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of service of the Complaint upon Robinhood. This Notice of Removal is thus timely filed in accordance with 28 U.S.C. § 1446(b).

## III. PROCEDURAL REQUIREMENTS

8. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Robinhood are attached as **Exhibit A** to this Notice of Removal.

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy will be filed with the Clerk of the Superior Court of California, County of Los Angeles.

## IV. DEFENSES

10. By removing this action to the United States District Court for the Central District of California, Western Division, Robinhood does not waive any jurisdictional or other defenses that may be available to it, including, but not limited to, lack of personal jurisdiction and/or improper venue.

WHEREFORE, Robinhood respectfully requests that the Court assume full jurisdiction over this action as if Plaintiff originally filed the Complaint in this Court and that the above-captioned action be removed from the Superior Court of the State of California, County of Los Angeles, to this Court.

DATED: March 11, 2021

Naeun Rim
Grace W. Kang
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By: _____*/s/ Naeun Rim*_____
      Naeun Rim
      Attorneys for Defendant Robinhood
      Financial LLC