# EXHIBIT A

**Table of Contents to Exhibit A**

| Page | Document |
|:---:|:---|
| 3 | Notice of Case Assignment |
| 5 | Complaint |
| 25 | Civil Case Cover Sheet |
| 31 | Summons |
| 32 | Declaration of T. Thompson |
| 34 | Initial Status Conference Order |
| 40 | Order Re: Newly Assigned Case |
| 42 | Certificate of Mailing for Court Order Re: Newly Assigned Case |
| 43 | Nunc Pro Tunc Order |
| 44 | Certificate of Mailing for Nunc Pro Tunc Order |

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/08/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Drew _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV04909 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Amy D. Hogue | 7 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on  02/08/2021
　　(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By S. Drew _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

1  Paul R. Kiesel, State Bar No. 119854
    *kiesel@kiesel.law*
2  Jeffrey A. Koncius, State Bar No. 189803
    *koncius@kiesel.law*
3  Cherisse H. Cleofe, State Bar No. 290152
    *cleofe@kiesel.law*
4  **KIESEL LAW LLP**
   8648 Wilshire Boulevard
5  Beverly Hills, California 90211-2910
   Tel:    310-854-4444
6  Fax:    310-854-0812

7  Richard C. Dalton, State Bar No. 268598
    *rick@rickdaltonlaw.com*
8  **RICHARD C. DALTON, LLC**
   P.O. Box 358
9  Carencro, Louisiana 70520
   Tel:    (337) 371-0375

10 [*Additional Counsel on signature page.*]

11 Attorneys for Plaintiff TAYLOR THOMPSON,
   on behalf of himself and all other California
12 residents similarly situated

13

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 08 2021

Sherri R. Carter, Executive Officer/Clerk of Court

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

| | |
|---|---|
| TAYLOR THOMPSON, on behalf of himself and all other California residents similarly situated, | Case No. **21STCV04909** |
| | <u>CLASS ACTION</u> |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| v. | **(1) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |
| ROBINHOOD FINANCIAL LLC, | **(2) BREACH OF FIDUCIARY DUTY** |
| Defendant. | **(3) VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT (Cal. Civ. Code §§ 1750, *et seq.*)** |
| | **(4) VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW (Cal. Bus. & Prof. Code § 17200, *et seq.*)** |
| | **(5) VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW (Cal. Bus. & Prof. Code § 17500, *et seq.*)** |
| | **(6) NEGLIGENCE** |
| | **JURY TRIAL DEMANDED** |

---

CLASS ACTION COMPLAINT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1    Plaintiff TAYLOR THOMPSON ("THOMPSON" or "Plaintiff"), on behalf of himself and

2  all other California residents similarly situated (the "Class," as defined below), alleges as follows

3  upon information and belief based, *inter alia*, upon investigation conducted by Plaintiff and his

4  counsel, except as to those allegations pertaining to Plaintiff personally, which are alleged upon

5  knowledge:

6                                    **INTRODUCTION**

7         1.      Defendant ROBINHOOD FINANCIAL LLC ("ROBINHOOD") is an online,

8  introducing broker, with a wildly popular platform. It has marketed itself to the public that by using

9  its services on a phone or computer a person could make unlimited, commission-free trades.

10  ROBINHOOD became very popular as a result of its marketing and advertising emanating from its

11  headquarters in California and it has positioned itself as a way for the masses to trade stock, options

12  and cryptocurrency. In the past it has used the slogan "Let the people trade."[1]

13        2.      ROBINHOOD has been very successful in its marketing and hit a chord with

14  California consumers who flocked to the platform to make the unlimited commission-free trades

15  promised by ROBINHOOD. Unfortunately, however, ROBINHOOD was too successful for itself

16  and did not have the capital, operational technology and capabilities to appropriately handle trades

17  for all of its customers. When trading volumes increased, it purposefully, willfully, and knowingly

18  restricted trading in certain stocks including, but not limited to, Gamestop Corp. ("GME"), AMC

19  Entertainment Holdings Inc. ("AMC"), BlackBerry Ltd ("BB"), Nokia Oyj ("NOK"), Bed Bath &

20  Beyond, Inc. ("BBBY"), Express, Inc. ("EXPR"), Koss Corporation ("KOSS") and Naked Brand

21  Group Ltd ("NAKD") (collectively, the "BLOCKED STOCKS") thereby depriving California

22  consumers the ability to trade as had been promised.

23        3.      ROBINHOOD knew, or should have known, that the model that it had marketed and

24  built would be unsustainable in market conditions such as recently experienced. Nevertheless, by

25  only focusing on growth–and not the ability to deliver the products and services promised in its

26

27  _____

   [1] @RobinhoodApp, Twitter (Mar. 23, 2016, 11:30 AM),
28  https://twitter.com/RobinhoodApp/status/712708069369782272.

1   advertising and elsewhere—ROBINHOOD ignored its own mantra to let the people trade, and

2   blocked access to millions of customers for self-serving reasons. As a direct result, Plaintiff and the

3   Class were damaged as set forth below.

### PARTIES, JURISDICTION AND VENUE

4

5   4.     Plaintiff, TAYLOR THOMPSON, resides in Los Angeles, California. Plaintiff has

6   been an active user of ROBINHOOD since 2019 when he was drawn to the platform by its promise

7   of unlimited commission-free trades.

8   5.     Defendant ROBINHOOD FINANCIAL LLC is a Delaware Corporation with

9   headquarters in Menlo Park, California. It is an "Introducing Broker" and has over 10 million daily

10  active users of its platform.

11  6.     This Court has jurisdiction over this action pursuant to California Code of Civil

12  Procedure sections 395 and 410.10. This action is brought as a class action on behalf of Plaintiff and

13  Class members pursuant to California Code of Civil Procedure section 382.

14  7.     This Court has personal jurisdiction over ROBINHOOD because such Defendant is

15  headquartered, and has its principal place of business, in California.

16  8.     Venue is proper in this Court pursuant to California Code of Civil Procedure sections

17  395 and 395.5 because ROBINHOOD regularly conducts business in this county, unlawful acts or

18  omissions have occurred in this county, and Plaintiff resides in this county.

### FACTUAL BACKGROUND

19

20  9.     ROBINHOOD is a trading app and platform that lets investors trade stocks, options,

21  exchange-traded funds and cryptocurrency.

22  10.    ROBINHOOD operates a website and mobile apps for iPhone, Apple Watch, and

23  Android. The company has no storefront offices and operates entirely online from its headquarters

24  in California.

25  11.    ROBINHOOD has more than 10 million users and its customers place trades through

26  its website or its "app".

27  12.    ROBINHOOD has experienced significant growth as a relatively new online

28  brokerage firm and has hastily brought on millions of clients without investing in the operational

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

capabilities to appropriately handle the trading for all of its clients.

13. Over the past few years ROBINHOOD reportedly has increased from 6 million subscribers in 2018, to 10 million by the end of 2019 and surpassed 13 million subscribers in May 2020.[2]

14. In 2019, ROBINHOOD raised $323 million in funding at a $7.6 billion valuation.

15. ROBINHOOD has extensively marketed itself to California consumers which has fueled its expansion. Examples of ROBINHOOD's marketing slogans during this hasty expansion period include:

- Jan. 6, 2018

# Investing.
# Now for the rest
# of us.

Robinhood lets you learn to invest in the stock market for free.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Maggie Fitzgerald, *Start-up Robinhood Tops 10 Million Accounts Even as Industry Follows in Free-Trading Footsteps*, CNBC (Dec. 4, 2019), https://www.cnbc.com/2019/12/04/start-up-robinhood-tops-10-million-accounts-even-as-industry-follows-in-free-trading-footsteps.html; Nathaniel Popper, *Robinhood Has Lured Young Traders, Sometimes With Devastating Results*, N.Y. Times (July 8, 2020), https://www.nytimes.com/2020/07/08/technology/robinhood-risky-trading.html

- Jan. 1, 2019

# Invest for Free

Invest in stocks, ETFs, options, and
cryptocurrencies, all commission-free,
right from your phone or desktop.

- July 1, 2019

# Invest
# Commission-Free

Invest in stocks, ETFs, options, and
cryptocurrencies, all commission-free,
right from your phone or desktop.

- Jan. 1, 2020

## Break Free from Commission Fees

Make unlimited commission-free trades in stocks, funds, and options with Robinhood Financial. The same goes for buying and selling
cryptocurrencies with Robinhood Crypto. Zero commission fees.

- May 28, 2020

## Break Free from Commission Fees

Make unlimited commission-free trades in stocks, ETFs, and
options with Robinhood Financial, as well as buy and sell
cryptocurrencies with Robinhood Crypto. See our <u>fee schedule</u>
to learn more about cost.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

16. The onboarding of so many clients by ROBINHOOD was done without regard as to whether it could adequately service its clientele as set forth herein. Moreover, ROBINHOOD's on-boarding allowed clients to open option accounts even though they lacked the appropriate level of experience.[3]

17. On or around January 22, 2021, shares of stocks such as Gamestop Corp. ("GME") and others began to rise.

18. At that time, ROBINHOOD allowed retail investors to trade stocks on the open market.

19. On or about January 28, 2021, ROBINHOOD deprived Plaintiff and the members of the Class the ability to use its services by intentionally, abruptly, purposefully, willfully and knowingly preventing the legitimate trading of the BLOCKED STOCKS. Meaning, Plaintiff and the Class could no longer invest, day trade or, in some instances, even search for the BLOCKED STOCKS on ROBINHOOD.

20. ROBINHOOD's actions were done purposefully, knowingly and intentionally due to calls for capital that had been placed on it by the Depository Trust & Clearing Corporation ("DTCC").[4] The DTCC is Wall Street's main clearinghouse for stock trades.

21. On the morning of January 28, 2021, the DTCC notified ROBINHOOD that it had to put up $3 billion in additional collateral as a cushion against the trades of its customers. According to Vlad Tenev, a co-founder of ROBINHOOD, this was "an order of magnitude more" than usually required.

22. ROBINHOOD, not having such capital reserves on hand, negotiated to reduce the amount being asked of it and in exchange for it having to post only $700 million ROBINHOOD agreed to limit trading, allowing customers to sell, but not buy, the BLOCKED STOCKS.

---

[3] Nathaniel Popper, *Robinhood Has Lured Young Traders, Sometimes with Devastating Results*, N.Y. Times (July 8, 2020) (noting "at least part of Robinhood's success appears to have been built on a Silicon Valley playbook of behavioral nudges and push notifications, which has drawn inexperienced investors into the riskiest trading").

[4] Nathaniel Popper, et al., *Robinhood, Under the Gun, Raises $2.4 Billion*, N.Y. Times (Feb. 1, 2021), https://www.nytimes.com/2021/02/01/business/robinhood-gamestop-trading.html

23.     Not all broker dealers reacted to the increase in trading volume by restricting trade and restricting their customers as ROBINHOOD did. For example, another brokerage house took a much more nuanced approach to protect itself. Rather than using the sledgehammer that ROBINHOOD applied to its customers, this other company restricted trading in certain volatile stocks by requiring purchasers to have the cash in their account to transact the purchase. Further, if a customer had previously held any of the stocks on margin, that customer had to reduce the margin balance to zero. Finally, for a short position a customer had to have a balance in their account of 300% of the value of the security shorted so as to hedge some of the risk if the price appreciated. Instead of distinguishing between customers who had the cash to buy the BLOCKED STOCKS and those that were doing so in other positions, ROBINHOOD restricted purchases by all of its clients.

24.     The Financial Industry Regulatory Authority ("FINRA") regulates broker dealers like ROBINHOOD. FINRA's Rules and Guidance 5310.01 ("Best Execution and Interpositioning Rule") requires that ROBINHOOD "must make every effort to execute a marketable customer order that it receives promptly and fully." By not responding at all to some of its clients' orders to purchase BLOCKED STOCKS, ROBINHOOD breached this requirement, and caused substantial losses due solely to its own, and self-serving, intentional acts. As explained by ROBINHOOD in a recent blog post: "[T]hat's what led us to put temporary buying restrictions in place on a small number of securities that the clearinghouses had raised their deposit requirements on. It was not because we wanted to stop people from buying these stocks. We did this because the required amount we had to deposit with the clearinghouse was so large—with individual volatile securities accounting for hundreds of millions of dollars in deposit requirements—that we had to take steps to limit buying in those volatile securities to ensure we could comfortably meet our requirements."[5] Simply put, faced with additional deposit requirements ROBINHOOD could not meet, and lacking the technology to restrict only certain accounts, ROBINHOOD choose a remedy that unnecessarily violated the Best Execution Rule, and in so doing, put its own interests above those of its customers.

---

[5] *What happened this week*, Robinhood Blog (Jan. 29, 2021),
https://blog.robinhood.com/news/2021/1/29/what-happened-this-week

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

7

**PLAINTIFF'S EXPERIENCE WITH ROBINHOOD AND THE BLOCKED STOCKS**

25.    On January 26, 2021, Plaintiff deposited $200 into his ROBINHOOD account to add to his balance of $35.00 as he wanted to buy $235.00 of AMC stock at the market price of approximately $8.00 per share. After placing that buy order on ROBINHOOD, Plaintiff decided to place an order for additional shares of AMC and deposited $200 more into his account. Plaintiff again placed a market order with ROBINHOOD. From his understanding and experience in having traded on the ROBINHOOD platform for more than one year, Plaintiff thought that he was now the owner of $435 of AMC stock and he did not check his account for the balance of the day.

26.    On January 27, 2021, Plaintiff checked his account on his phone after waking up and saw that AMC was now trading at around $16.00 per share. He was pleased that the value of his AMC position had doubled overnight–or so he thought–until Plaintiff realized his ROBINHOOD account still had $435 in cash and that he owned zero shares of AMC. Confused, as this had never happened to Plaintiff before when using ROBINHOOD, Plaintiff looked in his account history and it showed that his market buys of AMC had been cancelled by ROBINHOOD without explanation. Plaintiff was confused and looked online where he discovered that many other ROBINHOOD users were reporting the same experience—market buys were being canceled by ROBINHOOD without explanation.

27.    Undeterred, on January 27, 2021, Plaintiff again tried using ROBINHOOD to buy $435 worth of AMC at the price of $16.00 per share (double of what he originally "purchased" it at the day before). Moments later Plaintiff saw that *despite having the cash in his ROBINHOOD account to buy the stock, his purchase was cancelled by ROBINHOOD once again*. Nevertheless, he again tried to place a market order on ROBINHOOD to buy AMC but this time for the lower amount of $200 and his purchase was completed at $18.79 per share. This experience of having small orders go through and others inexplicably cancelled by ROBINHOOD continued throughout the day.

28.    On January 28, 2021, Plaintiff eagerly awoke at market open and saw that AMC was now trading at around $8.63 per share. He decided this was a good opportunity to buy additional shares but when he attempted to do so on ROBINHOOD, Plaintiff received the following message

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1  on his screen: "You can close out your position in this stock, but you cannot purchase additional

2  shares." Far from the *unlimited* commission-free trades Plaintiff had been promised, ROBINHOOD

3  was instead now promising only unlimited sales.

4        29.    Plaintiff's experience was not unique and at times, some members of the Class could

5  not even find certain stocks on the ROBINHOOD app, although all of those stocks are publicly

6  traded companies available on other platforms.

7        30.    Plaintiff and the members of the Class suffered harm directly as a result of

8  ROBINHOOD's action as set forth herein.

9  **CLASS ALLEGATIONS**

10        31.    Plaintiff brings this action, on behalf of himself and all others similarly situated, as a

11  class action.

12        32.    **Class Definition**. The proposed Plaintiff Class that Plaintiff seeks to represent is

13  composed of and defined as follows:

14      All California residents who are or were ROBINHOOD customers from
       January 2021 through the present who placed a purchase order with

15      ROBINHOOD for a BLOCKED STOCK but that order was not fulfilled.

16        33.    Plaintiff reserves the right to amend the class definition and to create subclasses, if

17  necessary, to maintain a cohesive class that does not require individual inquiry to determine liability.

18        34.    Excluded from the Class are: (a) Defendant and its officers, directors, employees,

19  principals, affiliated entities, controlling entities, agents, and other affiliates; (b) the agents,

20  affiliates, legal representatives, heirs, attorneys at law, attorneys in fact, or assignees of such persons

21  or entities described herein; and (c) the Judge(s) assigned to this case and any members of their

22  immediate families.

23        35.    Plaintiff is a member of the Class he seeks to represent.

24        36.    This action is properly maintainable as a class action.

25        37.    The Class for whose benefit this action is brought is so numerous that joinder of all

26  Class members is impracticable. While Plaintiff does not presently know the exact number of Class

27  members, Defendant has millions of customers.

28  ///

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

9

38.     The Class is readily ascertainable and direct notice can be provided from the records maintained by Defendant, or by publication, the cost of which is properly imposed on Defendant.

39.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of other Class members and Plaintiff has the same interests as other Class members. Plaintiff has no interests that are antagonistic to, or in conflict with, the interests of the other members of the Class. Plaintiff is a more than adequate representative of the Class and will fairly and adequately protect the interests of the Class.

40.     The prosecution of separate actions by individual Class members could create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which could establish incompatible standards of conduct for Defendant or adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the members of the Class not parties to the adjudications.

41.     Furthermore, the expense and burden of individual litigation makes it impracticable for the individual members of the Class to redress the wrongs done to them individually. If a class action is not permitted, Class members will continue to suffer losses and Defendant's misconduct will continue without proper remedy.

42.     Defendant has acted and refused to act on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

43.     Plaintiff anticipates no unusual difficulties in the management of this litigation as a class action.

44.     For the above reasons, a class action is superior to other available methods for the fair and efficient adjudication of this action.

45.     There are questions of law and fact which are common to Class members and which predominate over any questions affecting only individual members of the Class. A class action will generate common answers to the below questions, which are apt to drive the resolution of the litigation:

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

a.     Whether ROBINHOOD owed a duty of good faith and fair dealing to Plaintiff and members of the Class and, if so, whether that duty was breached resulting in damage;

b.     Whether ROBINHOOD owed a fiduciary duty to Plaintiff and members of the Class, and, if so, whether that duty was breached resulting in damage;

c.     Whether ROBINHOOD represented to Plaintiff and the members of the Class that its services had certain characteristics, uses and benefits, a particular quality, and/or were improperly advertised violating the California Consumers Legal Remedies Act (Cal. Civ. Code § 1750 *et seq.*);

d.     Whether ROBINHOOD's actions relating to the provision of its service were unlawful, unfair or fraudulent business acts or practices thereby violating California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*);

e.     Whether ROBINHOOD advertised its services to Plaintiff and the members of the Class in a manner that was untrue and misleading thereby violating California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*);

f.     Whether ROBINHOOD owed a duty of care to Plaintiff and the members of the Class which it breached resulting in damage;

g.     Whether Defendant's conduct harmed Plaintiff and the Class and, if so, the extent of the injury;

h.     Whether this case may be maintained as a class action;

i.     Whether and to what extent Class members are entitled to damages and other monetary relief;

j.     Whether and to what extent Class members are entitled to equitable relief including, but not limited to, restitution and a preliminary and/or a permanent injunction; and,

k.     Whether and to what extent Class members are entitled to attorneys' fees and costs.

# FIRST CAUSE OF ACTION

## Breach of Implied Covenant of Good Faith and Fair Dealing

### (By Plaintiff Against Defendant)

46.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

47.     In every contract or agreement there is an implied promise of good faith and fair dealing. This implied promise means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract or agreement.

48.     As ROBINHOOD should have been aware, good faith means honesty of purpose without any intention to mislead or to take unfair advantage of another. Generally speaking, it means being faithful to one's duty or obligation.

49.     ROBINHOOD violated its duty to act fairly and in good faith.

50.     Plaintiff and the members of the Class entered into a relationship with ROBINHOOD as set forth herein, to wit, that Plaintiff and the Class would use the ROBINHOOD platform for "unlimited commission-free trading".

51.     Plaintiff and the members of the Class did all, or substantially all, of the significant things that the agreement required of them to do or, as applicable, they were excused from having to do those things.

52.     All conditions required for ROBINHOOD's performance had occurred, namely, that Plaintiff and Class members were entitled to perform "unlimited commission-free trading" of all securities as promised to them.

53.     ROBINHOOD prevented Plaintiff and Class Members from receiving the benefits under the agreement as set forth above, namely, it prevented trading in the BLOCKED STOCKS and in fact, would allow only their sale so as to benefit ROBINHOOD.

54.     By doing the acts set forth above, ROBINHOOD did not act fairly and in good faith.

55.     Plaintiff and the Class were harmed by ROBINHOOD's conduct.

/ / /

/ / /

**SECOND CAUSE OF ACTION**

**Breach of Fiduciary Duty**

**(By Plaintiff Against Defendant)**

56.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

57.     Broker dealers like ROBINHOOD owe a fiduciary duty to their customers, such as Plaintiff and the members of the Class. This fiduciary duty imposed on ROBINHOOD required it to act competently, and with the utmost good faith in the best interests of Plaintiff and the members of the Class.

58.     Plaintiff and the members of the Class as ROBINHOOD's customers trusted it to provide the services advertised and promised, namely, unlimited commission-free trading.

59.     The fiduciary duty arising from the relationship between Plaintiff and the members of the Class, on the one hand, and ROBINHOOD, on the other hand, was breached when it prevented Plaintiff and members of the Class from freely trading in the BLOCKED STOCKS and access to their accounts and actual investment funds.

60.     ROBINHOOD breach of its fiduciary duties directly and proximately caused damage to Plaintiff and the members of the Class.

**THIRD CAUSE OF ACTION**

**Violation of California Consumers Legal Remedies Act**

**Cal. Civ. Code §§ 1750, *et seq.***

**(By Plaintiff Against Defendant)**

61.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

62.     ROBINHOOD's representations and/or concealments about the services it offered on its trading platform were false, misleading, and/or deceptive acts within the meaning of California consumer protection statutes including the Consumers Legal Remedies Act.

63.     Plaintiff and members of the Class reasonably relied on the false, misleading, and/or deceptive representations and concealments of material facts by Defendant.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

13

64. Plaintiff and Class members are "consumers" within the meaning of California Civil Code section 1761(d).

65. Defendant is a "person" within the meaning of California Civil Code section 1761(c).

66. Plaintiff's and each Class member's use of ROBINHOOD's platform constitutes a "transaction" within the meaning of California Civil Code section 1761(e).

67. ROBINHOOD's trading platform is a "service" within the meaning of California Civil Code section 1761(b) that was used by Plaintiff and members of the Class for personal use.

68. Defendant's statements regarding its services violated the Consumers Legal Remedies Act (Cal. Civ. Code §1750, *et seq.*), in at least the following respects:

    a.    ROBINHOOD represented that its service had characteristics, uses and benefits that it did not actually have (*i.e.*, the ability the engage in unlimited commission-free trading of all stocks) in violation of Section 1770(a)(5);

    b.    ROBINHOOD represented that its service had a particular quality that it did not actually have (*i.e.*, the ability the engage in unlimited commission-free trading of all stocks) in violation of Section 1770(a)(7); and

    c.    ROBINHOOD advertised their service with an intent not to sell it as advertised (*i.e.*, that the service would allow for unlimited commission-free trading of all stocks), in violation of Section 1770(a)(9).

69. ROBINHOOD falsely represented and/or concealed material facts regarding the ability of consumers to trade on its platform, information that is relied upon by consumers, such as Plaintiff and Class members, in making a decision about which services to use.

70. Defendant's affirmative misrepresentations and material omissions, and its publication of these material inaccuracies regarding the ROBINHOOD trading platform constitute unfair, deceptive, and misleading business practices in violation of California Civil Code section 1770(a).

71. Plaintiff, on behalf of himself and the Class, seeks injunctive relief, only, on this Cause of Action.

///

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

14

## FOURTH CAUSE OF ACTION

### Violation of California Unfair Competition Law

### Cal. Bus. & Prof. Code § 17200, *et seq.*

### (By Plaintiff Against Defendant)

72.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

73.    California Business and Professions Code section 17200 prohibits any "unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising…"

74.    ROBINHOOD has engaged in unlawful, fraudulent, and unfair business acts and practices in violation of the UCL. There is no countervailing benefit to ROBINHOOD's conduct as complained of herein.

75.    ROBINHOOD has engaged in unlawful acts or practices by its violations of the Consumers Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*), as set forth through the acts and practices alleged in this Complaint.

76.    ROBINHOOD's affirmative misrepresentations and material omissions regarding the services it would provide constitute unfair, deceptive, and misleading business practices.

77.    The information Defendant misrepresented and concealed would be and is material to reasonable consumers in that at no time did ROBINHOOD disclose that it would restrict trading for all of its customers without regard for the nature of the trading activity. Further, at no time did ROBINHOOD disclose that it did not have the capabilities to properly service its customers in the provision of its services as became evident when it restricted trading across the board relating to the BLOCKED STOCKS.

78.    ROBINHOOD's conduct, misrepresentations, and omissions have also impaired the competition within the market it was attempting to service. ROBINHOOD was onboarding customers without regard to its own backend capabilities or the sophistication of its clientele to the detriment of its competitors.

/ / /

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

CLASS ACTION COMPLAINT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

79.     Defendant's conduct, misrepresentations, and omissions have prevented Plaintiff and Class members from making fully informed decisions about whether to use ROBINHOOD's services and had they in fact known of the true nature of ROBINHOOD's services and capabilities, they would not have placed their money with ROBINHOOD in the first place, instead putting their hard-earned money with a different broker.

80.     Plaintiff and Class members have suffered an injury in fact, including the loss of money and/or property, as a result of Defendant's unfair, unlawful, and/or deceptive practices, as set forth herein.

81.     The wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated, in the State of California.

82.     Plaintiff requests that this Court enjoin ROBINHOOD from continuing its unfair, unlawful, and/or deceptive practices and to restore Plaintiff and Class members any money Defendant acquired through Defendant's unfair competition including, but not limited to, restitution.

### FIFTH CAUSE OF ACTION

**Violation of California False Advertising Law**

**Cal. Bus. & Prof. Code § 17500, *et seq.***

**(By Plaintiff Against Defendant)**

83.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

84.     California Business and Professions Code section 17500 states: "It is unlawful for any . . . corporation . . . with intent directly or indirectly to dispose of real or personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

/ / /

85.     ROBINHOOD engaged in advertising and marketing in which it caused statements to be made or disseminated throughout California about the ability of consumers to engage in unlimited commission-free trading with intent to directly or indirectly induce consumers like Plaintiff and Class members to use ROBINHOOD.

86.     ROBINHOOD's statements about unlimited commission-free trading were false, misleading, and likely to deceive the public and/or have deceived the public by falsely representing the characteristics of them, as set forth above.

87.     At the time Defendant made and disseminated the statements alleged herein, it knew or should have known that the statements were untrue or misleading, and Defendant acted in violation of California Business and Professions Code section 17500.

88.     ROBINHOOD's statements regarding unlimited commission-free trading were material to Plaintiff's and Class members' decision to use the platform, and Plaintiff and Class members reasonably relied on Defendant's statements.

89.     Had Plaintiff and Class members known that in fact ROBINHOOD did not intend to offer unlimited commission-free trades on all stocks and that it would instead restrict trading in the BLOCKED STOCKS as set forth herein, they reasonably would not have become ROBINHOOD customers.

90.     Plaintiff and members of the Class suffered an injury in fact, including the loss of money or property, as a result of Defendants' unfair, unlawful or deceptive practices.

91.     Plaintiff, on behalf of himself and on behalf of the Class, seeks restitution, injunctive relief, and all other allowable relief under Business and Professions Code section 17500.

## SIXTH CAUSE OF ACTION

### Negligence

### (By Plaintiff Against Defendant)

92.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

93.     ROBINHOOD owed a duty of reasonable care to Plaintiff and the Class with respect to the provision of their services.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

94.     ROBINHOOD breached its duties to Plaintiff and the members of the Class by failing to execute trades in accordance with the FINRA Best Execution Rule. This failure was a result of, among other things, not having sufficient back office operations that would allow ROBINHOOD to take minimally restrictive actions so as to address the events and circumstances that transpired during the relevant period.

95.     As a direct and proximate result of ROBINHOOD's actions, Plaintiff and the Class suffered damage.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and other putative Class members, prays for judgment against ROBINHOOD as follows:

1.     An order certifying the proposed Class, designating Plaintiff as the named representative of the Class, and designating the undersigned as Class Counsel;

2.     A declaration that Defendant is required to provide notice to the Class and to pay for such Notice;

3.     An award to Plaintiff and the Class of damages in an amount to be proven at trial on all Causes of Action except Three through Five;

4.     For injunctive relief on Counts Three through Five, and any other equitable relief allowed by law on Counts Four and Five;

5.     An award of prejudgment and post-judgment interest, as provided by law;

6.     An award of attorneys' fees and costs, as allowed by law; and

7.     For such other and further relief as the Court may deem just and proper.

DATED: February 8, 2021                    Respectfully submitted,

**KIESEL LAW LLP**

By:  _____
Paul R. Kiesel
Jeffrey A. Koncius
Cherisse H. Cleofe

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**RICHARD C. DALTON, LLC**
Richard C. Dalton

David S. Markun, State Bar No. 150579
  *dmarkun@mzclaw.com*
**MARKUN ZUSMAN FRENIERE
COMPTON LLP**
17383 West Sunset Blvd., Suite A380
Pacific Palisades, California 90272
Tel: 310-454-5900
Fax: 310-454-5970

Edward S. Zusman, State Bar No. 154366
  *ezusman@mzclaw.com*
**MARKUN ZUSMAN FRENIERE
COMPTON LLP**
465 California Street, Suite 401
San Francisco, California 94104
Tel: 415-438-4515
Fax: 415-434-4505

Attorneys for Plaintiff TAYLOR THOMPSON,
on behalf of himself and all other California
residents similarly situated

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and on behalf of the Class, demands a jury trial on all issues so triable.

DATED: February 8, 2021

Respectfully submitted,

**KIESEL LAW LLP**

By: _____

Paul R. Kiesel
Jeffrey A. Koncius
Cherisse H. Cleofe

**RICHARD C. DALTON, LLC**
Richard C. Dalton

David S. Markun, State Bar No. 150579
   *dmarkun@mzclaw.com*
**MARKUN ZUSMAN FRENIERE
COMPTON LLP**
17383 West Sunset Blvd., Suite A380
Pacific Palisades, California 90272
Tel: 310-454-5900
Fax: 310-454-5970

Edward S. Zusman, State Bar No. 154366
   *ezusman@mzclaw.com*
**MARKUN ZUSMAN FRENIERE
COMPTON LLP**
465 California Street, Suite 401
San Francisco, California 94104
Tel: 415-438-4515
Fax: 415-434-4505

Attorneys for Plaintiff TAYLOR THOMPSON,
on behalf of himself and all other California
residents similarly situated

CLASS ACTION COMPLAINT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Paul R. Kiesel, State Bar No. 119854
Jeffrey A. Koncius, State Bar No. 189803
Cherisse H. Cleofe, State Bar No. 290152
Kiesel Law LLP, 8648 Wilshire Blvd., Beverly Hills, CA 90211
TELEPHONE NO.: (310) 854-4444   FAX NO.: (310) 854-0812
ATTORNEY FOR *(Name):* Plaintiff

FOR COURT USE ONLY
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 08 2021

Sherri R. Carter, Executive Officer/Clerk of Court

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

**CASE NAME:**
Taylor Thompson v. Robinhood Financial LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 21STCV04909 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded $25,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [✓] Large number of separately represented parties
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [✓] Substantial amount of documentary evidence
d. [✓] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [✓] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [ ] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
**4.** Number of causes of action *(specify):* 6
**5.** This case [✓] is [ ] is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 8, 2021
Jeffrey A. Koncius
(TYPE OR PRINT NAME)   ▶   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

26

| SHORT TITLE: Taylor Thompson v. Robinhood Financial, LLC | CASE NUMBER **21STCV04909** |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Taylor Thompson v. Robinhood Financial, LLC | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | | |
| Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | ☐ A6032  Quiet Title | 2, 6 |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

28

| SHORT TITLE: Taylor Thompson v. Robinhood Financial, LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

29

| SHORT TITLE: Taylor Thompson v. Robinhood Financial, LLC | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>Pursuant to Local Rule 2.3.(a)(1)(A) - Class Actions to be filed in Central District |
|---|---|
| CITY: | STATE: | ZIP CODE: |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___February 8, 2021___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

30

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ROBINHOOD FINANCIAL LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TAYLOR THOMPSON, on behalf of himself and all other California
residents similarly situated

> FOR COURT USE ONLY
> *(SOLO PARA USO DE LA CORTE)*
>
> CONFORMED COPY
> ORIGINAL FILED
> Superior Court of California
> County of Los Angeles
>
> FEB 08 2021
>
> Sherri R. Carter, Executive Officer/Clerk of Court

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Los Angeles Superior Court - Central District<br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del caso):*<br>**21STCV04909** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jeffrey A. Koncius, Kiesel Law LLP, 8648 Wilshire Blvd., Beverly Hills, CA 90211, (310) 854-4444

| DATE: **FEB 08 2021**<br>*(Fecha)* | Sherri R. Carter, Clerk | Clerk, by **STEVEN DREW**<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: ROBINHOOD FINANCIAL LLC

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)

        ☒ other *(specify)*: Corp. Code 17701.16
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

1   Paul R. Kiesel, State Bar No. 119854
      *kiesel@kiesel.law*
2   Jeffrey A. Koncius, State Bar No. 189803
      *koncius@kiesel.law*
3   Cherisse H. Cleofe, State Bar No. 290152
      *cleofe@kiesel.law*
4   **KIESEL LAW LLP**
    8648 Wilshire Boulevard
5   Beverly Hills, California 90211-2910
    Tel:    310-854-4444
6   Fax:   310-854-0812

7   Richard C. Dalton, State Bar No. 268598
      *rick@rickdaltonlaw.com*
8   **RICHARD C. DALTON, LLC**
    P.O. Box 358
9   Carencro, Louisiana 70520
    Tel:    (337) 371-0375

10  [*Additional Counsel on signature page.*]

11  Attorneys for Plaintiff TAYLOR THOMPSON,
    on behalf of himself and all other California
12  residents similarly situated

13              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14              **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

15

16  TAYLOR THOMPSON, on behalf of himself      Case No.   **21STCV04909**
    and all other California residents similarly
17  situated,                                   **CLASS ACTION**

18              Plaintiff,                       **DECLARATION OF PLAINTIFF
                                                 TAYLOR THOMPSON PURSUANT TO**
19       v.                                      **CALIFORNIA CIVIL CODE SECTION
                                                 1780(d)**
20  ROBINHOOD FINANCIAL LLC,

21              Defendant.

22

23

24

25

26

27

28

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 08 2021

Sherri R. Carter, Executive Officer/Clerk of Court

---

**DECLARATION OF TAYLOR THOMPSON
PURSUANT TO CALIFORNIA CIVIL CODE SECTION 1780(d)**

DocuSign Envelope ID: 8E488F1D-6890-40F7-94B4-2663904947B6

**DECLARATION OF TAYLOR THOMPSON**

I, Taylor Thompson, declare as follows:

1.     I am a party in the above-entitled action.  I have personal knowledge of the facts set forth herein.  If called as a witness, I could and would competently testify to the matters stated herein.9

2.     I make this Declaration pursuant to California Civil Code section 1780(d) to state facts showing that this action has been commenced in the proper county for trial in this action.

3.     On January 26 and 27, 2021, I used the Robinhood platform to place several orders, which Robinhood canceled. These events occurred while I was in Los Angeles, California.

4.     To the best of my knowledge, this action has been commenced in the proper judicial district because a substantial part of the transaction giving rise to the liability of Defendant occurred within this district, because Defendant has received substantial compensation from doing business in this district, and because it is subject to the Court's personal jurisdiction with respect to this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed February 8, 2021, at Los Angeles, California.

*Taylor Thompson*
_____
Taylor Thompson

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1

**DECLARATION OF TAYLOR THOMPSON**
**PURSUANT TO CALIFORNIA CIVIL CODE SECTION 1780(d)**

1

2

3

4

5

6

7

8
**FiLED**
Superior Court of California
County of Los Angeles

FEB 23 2021

Sherri R. Cart~ ~~~~~ ~~icer/Clerk
_Alfredo Morales_ deputy
ALFREDO MORALES

9                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                      **FOR THE COUNTY OF LOS ANGELES**

11

12  Taylor Thompson                           )  Case No.:  21STCV04909
                                              )
13              Plaintiff,                     )  INITIAL STATUS CONFERENCE ORDER
                                              )
14  Vs                                         )  (COMPLEX LITIGATION)
                                              )  **REVISED AS OF 6/18/2020**
15                                             )  Case assigned for all purposes to
16  Robinhood Financial LLC                    )  Judge Amy D. Hogue
                                              )  Spring Street Courthouse
17              Defendant                      )  Department 7
                                              )  ISC Date: May 07, 2021 at 10:00 a.m.
18  _____       )

19

20

21        This case has been assigned for all purposes to Judge Amy D. Hogue, Complex

22  Litigation, Department 7.  PLEASE READ THE COURTROOM INFORMATION FOR

23  DEPARTMENT 7 POSTED ON THE COURT'S WEBSITE (www.lacourt.org.)

24
25        The Court has scheduled an Initial Status Conference on May 07, 2021 at 10:00 a.m. in

26  Department 7, Second Floor, 312 North Spring Street, Los Angeles, California 90012.

27  **Department 7 is scheduled to implement new technology (LACourtConnect) on July 6,**

28

1

34

2020.  This technology will allow parties and counsel to appear by telephone or video-conference.  To minimize social contact and avoid COVID-19 contamination of employees working inside the courthouse, the Court <u>strongly encourages</u> all parties and counsel to appear remotely (via LACourtConnect) rather than in person.[1]  If any party or counsel believes he or she has good cause to appear in person, please post a request on the e-service message board at least two days before the appearance.  When appearing via telephone or video-conference, please call in from a quiet place and bear in mind that the technology only allows one person to be heard at a time.  Please pause frequently so that the Court can interject questions and direct the discussion to the issues that are most important to the Court.

<u>To minimize foot traffic in the courthouse during the COVID-19 pandemic, Department 7 no longer accepts paper filings or courtesy copies.</u>

The purpose of the Initial Status Conference is to identify the most fair and efficient way of proceeding with the case.  To that end, the Court strongly encourages the parties to propose any and all approaches to case management that will promote the fair and efficient handling of the case.  The Court is particularly interested in identifying dispositive or significant issues that may be addressed earlier rather than later in the case.  For example, if an important issue in the case is the admissibility of critical evidence (such as expert testimony), an early motion *in limine* to decide that issue may be the most efficient way to proceed.   If the Court's interpretation of provisions in a contract is a key issue, it may make sense for the plaintiff to amend the complaint

---

[1] To prevent the spread of COVID-19, everyone in the courthouse is currently required to wear a mask and maintain social distancing.

2

(or the defendant to amend the answer) to attach a copy of the contract so that the court can adjudicate the issue in a demurrer.

The Court orders counsel for all parties to confer via telephone, videoconference or other real time technology, at least **20 days** before the Initial Status Conference.  The purpose of the meeting is to discuss the following issues so that counsel can prepare a Joint Statement to be filed with the Court five court days before the Initial Status Conference.  **All parties in Department 7 must sign up with an e-service provider and activate a message board so that the Court can communicate with counsel prior to the ISC.  The Court orders the parties to agree upon and sign up with an e-service provider (Case Anywhere, File & ServeXpress, or Case Homepage) at least 15 days before to the ISC.  So that the Court can promptly issue an order appointing the e-service provider, the Court orders Plaintiff's counsel to identify the selected e-service provider by sending an email to Dept. 7 at SSCDept7@lacourt.org at least 10 days prior to the ISC.  Please remember that electronic service is not the same as electronic filing.  At present, only traditional methods of filing (physical delivery of original papers or fax filing) are available in the Complex departments.  To reserve a hearing date, please telephone the courtroom staff  at (213) 310-7007 when the motion is ready to be filed.**

Plaintiff's counsel should take the lead in preparing the Joint Statement and in ensuring that it includes <u>a brief description of the facts and causes of action</u> and addresses the following questions.

1) Are there any issues of judicial recusal or disqualification?

2) Are any parties improperly named as defendants?

3) Will either side challenge jurisdiction or venue or move to compel arbitration?

3

4) What are the key legal and factual issues affecting each side's evaluation of this case?

5) Are any of these key issues suitable for an early adjudication? For example, does it make sense for the court to promptly adjudicate a statute of limitation defense, interpret a provision in a statute, adjudicate the adequacy of a class representative, or decide the admissibility of critical evidence?

6) Is the most efficient procedure for presenting key issues to the court a motion, bifurcated trial, motion in limine, motion to certify or deny class certification, or another proceeding?

7) How and when do the parties plan to engage in the various forms of discovery?[2]

8) Does it make sense to bifurcate certain issues for discovery or trial?

9) How will the parties preserve evidence and uniformly identify documents produced in discovery?

10) Do the parties need to execute a joint stipulation for protective order?  The court recommends the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

11) Will the parties employ a mediator or ask the Court to order a mandatory settlement conference as a means of alternative dispute resolution (ADR)?

12) Does any party have insurance (indemnity or reimbursement) and are there any potential coverage issues that may affect settlement.

---

[2] If electronically stored information must be produced, the court encourages the parties to have their respective IT consultants/employees participate in the meet and confer process addressing (1) the information management systems employed by the parties; (2) the location and custodians of information (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; (5) appropriate search criteria for focused requests.

4

In addition to addressing these questions, the parties' Joint Statement must include the following information.

13) The estimated size of any putative class.[3]

14) A deadline for adding and serving any new parties.

15) The parties' selected e-service provider (Case Anywhere, FileandServeXpress, or Case Homepage).[4]

16) A description (including case numbers) of any related cases pending in other courts (including class actions with overlapping class definitions).

17) Whether the parties stipulate that discovery and/or pleading stays entered by the Court for case management purposes are excluded from the five year rule under Code of Civil Procedure Section 583.310.

18) A service list identifying all primary and secondary counsel along with their firm names, addresses, telephone numbers, email addresses and fax numbers.

19) Recommended dates and times for the following:

    a.   The next status conference.

    b.   Mediation completion.

    c.   A filing deadline (and proposed briefing schedule) for key motions or proceedings, if any.

---

[3] In class action/PAGA Initial Status Conferences, the court generally orders the parties to utilize the procedure approved in *Bel-Aire West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, sharing the cost equally.

[4] E-service does not effectuate a justiciable filing with the court. Until Los Angeles Superior Court activates e-filing for the complex civil departments, the parties must file or fax file paper documents with the court. Uploading a document onto the e-service provider's website provides notice to the court and to the parties but does not place them in the public record or effectuate a filing with the court.

5

To the extent the parties are unable to agree on the matters to be addressed in the Joint Statement, each side may state its position in point/counterpoint fashion.

The Court directs each defendant to file a Notice of Appearance for purposes of identifying and serving all counsel. The Notice of Appearance shall be without prejudice to any affirmative defense, cross complaint, affirmative defense or jurisdictional challenge.

**The Court stays all other proceedings in this action**. The Court issues the stay to assist the Court and the parties in this "complex" case by ensuring, among other things, an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint. This stay precludes the filing of any answer, demurrer, motion to strike, or motion challenging the jurisdiction of the Court. Although this stay applies to formal discovery, it does not prevent the parties from informally exchanging documents or information that may assist in their initial evaluation of the issues presented in this case. Any future stay ordered by the Court for purposes of case management is not a stay under Code of Civil Procedure section 583.310 unless the Court so orders.

The Court orders Plaintiffs' counsel to serve this Initial Status Conference Order on counsel for Defendant(s), or if counsel is not known, on Defendant(s) within five (5) days of the date of this Order. If the Complaint has not been served as of the date of this Order, Counsel for Plaintiff must serve the Complaint within five (5) days of the date of this Order.

Dated:     **FEB 2 3 2021**

AMY D. HOGUE
Judge of the Superior Court

6

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 7

**21STCV04909**                                                       February 23, 2021
**TAYLOR THOMPSON vs ROBINHOOD FINANCIAL LLC**                          9:14 AM

Judge: Honorable Amy D. Hogue            CSR: None
Judicial Assistant: A. Morales           ERM: None
Courtroom Assistant: T. Bivins           Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re Newly Assigned Case

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 02/23/2021 at 10:00 AM in this department. At least 20 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.

SEE NUNC PRO TUNC MINUTE ORDER OF 02/23/2021 9:18 AM

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 7

**21STCV04909**                                              February 23, 2021
**TAYLOR THOMPSON vs ROBINHOOD FINANCIAL LLC**                9:14 AM

Judge: Honorable Amy D. Hogue          CSR: None
Judicial Assistant: A. Morales         ERM: None
Courtroom Assistant: T. Bivins         Deputy Sheriff: None

All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service. Certificate of Mailing is attached.

SEE NUNC PRO TUNC MINUTE ORDER OF 02/23/2021 9:18 AM

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>02/23/2021<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br><br>By: _____ A. Morales _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Taylor Thompson | |
| DEFENDANT/RESPONDENT:<br>Robinhood Financial LLC | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV04909 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re Newly Assigned Case) of 02/23/2021, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Paul R. Kiesel
Kiesel Law LLP
8648 Wilshire Blvd
Beverly Hills, CA  90211

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>02/23/2021</u>            By:  <u>A. Morales</u>
                                                          Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 7

**21STCV04909**                                                    February 23, 2021
**TAYLOR THOMPSON vs ROBINHOOD FINANCIAL LLC**                       9:18 AM

Judge: Honorable Amy D. Hogue          CSR: None
Judicial Assistant: A. Morales         ERM: None
Courtroom Assistant: T. Bivins         Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Nunc Pro Tunc Order

It appearing to the Court that through inadvertence and/or clerical error, the minute order of
02/23/2021 in the above-entitled action does not properly reflect the Court's order. Said minute
order is ordered corrected nunc pro tunc as of 2/23/2021, as follows:

By striking: Initial Status Conference is set for 02/23/2021 at 10:00 AM in this Department.

By substituting: Initial Status Conference is set for 05/07/2021 at 10:00 AM in this Department.

Counsel for plaintiff is ordered to give notice.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>02/23/2021<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ A. Morales _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Taylor Thompson | |
| DEFENDANT/RESPONDENT:<br>Robinhood Financial LLC | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV04909 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Nunc Pro Tunc Order) of 02/23/2021  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Paul R. Kiesel
Kiesel Law LLP
8648 Wilshire Blvd
Beverly Hills, CA  90211

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 02/23/2021                    By:   A. Morales _____
                                                  Deputy Clerk

**CERTIFICATE OF MAILING**

44