Naeun Rim - State Bar No. 263558
nrim@birdmarella.com
Grace W. Kang - State Bar No. 271260
gkang@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Robinhood Financial LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| TAYLOR THOMPSON, an individual and all other California residents similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBINHOOD FINANCIAL LLC,<br><br>Defendant. | CASE NO. 2:21-cv-02230<br><br>**NOTICE OF RELATED CASES**<br><br>**[LOCAL RULE 83-1.3.1]**<br><br>[Related to Case No. 21-CV-00835-VAP(MRW); Case No. 21-CV-00837-VAP(MRW)] |

Pursuant to Local Rule 83-1.3, Defendant Robinhood Financial LLC (hereinafter "Robinhood"), provides notice that the following cases are related:

- *Kayali, et al. v. Robinhood Financial, LLC, et al.*, Case No. 21-CV-00835-VAP-MRW (the "*Kayali* Action"), the lowest-numbered case, first filed on January 28, 2021;
- *Gossett, et al. v. Robinhood Financial LLC, et al.*, Case No. 21-CV-00837-FMO-Ex (the "*Gossett* Action"), filed on January 29, 2021; and
- *Thompson v. Robinhood Financial LLC*, Case No. 2:21-CV-02230 (the "*Thompson* Action"), removed to federal court on March 11, 2021 (the instant action).

Robinhood submits that the *Kayali* Action, the *Gossett* Action and the *Thompson* Action are related within the meaning of Civil Local Rule 83-1.3. Under Local Rule 83-1.3, two or more civil actions are related when (a) they arise from the same or a closely related transaction, happening or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons that would entail substantial duplication of labor if heard by different judges. Civ. L.R. 83-1.3.1. All three factors are met here.

First, the *Gossett* and *Kayali* Actions have already been deemed related and the *Thompson* Action is related for similar reasons. (*See Gossett* Dkt. No. 22.) Specifically, Plaintiffs in all three actions are Robinhood customers bringing similar legal claims arising out of the same or substantially identical transactions, incidents or events: Robinhood's restriction of trading on its platform in certain securities, including (and common to all three Actions), AMC Entertainment ("AMC"). *Compare, e.g.*, Case No. 21-CV-00835-VAP-MRW, Dkt. No. 10 ("*Kayali* First Amended Complaint") ¶¶ 31, 42, 43 *with* Case No. 21-CV-00837-VAP-MRW, Dkt. No. 19 ("*Gossett* First Amended Complaint") ¶¶ 74-82 *with* Case No. 21-CV-02230 ("*Thompson* Complaint") ¶¶ 26-30. Plaintiffs in all three actions purport to represent substantially similar and overlapping Robinhood customers who were restricted from purchasing certain securities through the Robinhood platform. *Compare, e.g.*, *Kayali* First Amended Complaint ¶ 46 ("All Robinhood and TD

Ameritrade customers within the United States.") *with Gossett* First Amended Complaint ¶ 21 ("All Robinhood clients and/or users within the United States who held positions and/or were unable to execute any trade(s) of the Securities or the Derivatives on or after January 28, 2021, and who were harmed by Robinhood's actions to bar or otherwise restrict trading of the same.") *with Thompson* Complaint ¶ 32 ("All California residents who are or were ROBINHOOD customers from January 2021 through the present who placed a purchase order with ROBINHOOD for a BLOCKED STOCK but that order was not fulfilled.").

Second, the Actions also raise similar legal claims for breach of the implied covenant of good faith and fair dealing, negligence and claims arising from California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*. *Compare*, *e.g. Kayali* First Amended Complaint ¶¶ 74-80 (alleging violation of implied covenant of good faith and fair dealing), ¶¶ 81-88 (alleging negligence) *with Gossett* First Amended Complaint ¶¶ 132-38 (alleging violation of implied covenant of good faith and fair dealing), ¶¶ 139-47 (alleging negligence), ¶¶ 176-180 (alleging UCL violations) *with Thompson* Complaint ¶¶ 46-55 (alleging violation of implied covenant of good faith and fair dealing), ¶¶ 72-82 (alleging UCL violations), ¶¶ 92-95 (alleging negligence). As such, each action will require adjudication of substantially the same questions of law and fact.

Third, given these similarities, conducting the *Thompson* Action separately from the other actions would cause an unduly burdensome duplication of labor—for both the parties and the Court—and the prospect of conflicting results. Causing the parties and Court to tread the same ground in the *Thompson* Action as it is doing in the *Kayali* and *Gossett* Actions would be an undue waste of resources and would risk inconsistent results on substantially identical claims.

Accordingly, Robinhood respectfully submits that the *Thompson* Action is related to the *Kayali* and *Gossett* Actions, pursuant to Civil Local Rule 83-1.3.

DATED: March 11, 2021

Respectfully submitted,

Naeun Rim
Grace W. Kang
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By: */s/ Naeun Rim*

Naeun Rim
Attorneys for Defendant Robinhood Financial LLC